UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD GREEMAN,

               Petitioner,

               -v.-

STATE OF NEW YORK,

               Respondent.

22 Civ. 4519 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On May 25, 2022, Petitioner Edward Greeman filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, seeking to challenge his January 23, 2020, New York County judgment of conviction, in which a jury found him guilty of criminal possession of a forged instrument in the second degree (15 counts), criminal tampering in the first degree (9 counts), and criminal impersonation in the second degree ("*Greeman I*"). (*See* 22 Civ. 4300, Dkt. #2).

By Order dated June 1, 2022, the Court dismissed the State of New York from *Greeman I* and substituted the Superintendent of Fishkill Correctional Facility as Respondent pursuant to Rule 21 of the Federal Rules of Civil Procedure. (Dkt. #5). *See* Fed. R. Civ. P. 21; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (providing that the only proper respondent in a *habeas corpus* petition is the warden, custodian, or superintendent of the facility where petitioner is in custody). The Order also directed: (i) the Clerk of Court to serve a copy of the order and petition on the Attorney General of the State of New York and the District Attorney for New York County; (ii) the Attorney General of the State of New

York to answer within 60 days from the date of the order; and (iii) Petitioner to file any reply within 30 days thereafter. (*Id.*)

On June 1, 2022, Petitioner filed a second petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the same conviction as in *Greeman I*. The Clerk of Court opened this petition as a new civil action under docket number 22 Civ. 4519 ("*Greeman II*"). (*See* 22 Civ. 4519, Dkt. #2). *Greeman II* is not considered to be second or successive under 28 U.S.C. § 2244(b)(3)(A), because *Greeman I* is pending. *See Littlejohn* v. *Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (per curiam). Instead, *Greeman II* may be treated as an amended or supplemental petition in the *Greeman I* action. *See Littlejohn*, 271 F.3d at 363; *see also* § 2242 (a *habeas corpus* petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Because the two petitions are substantially similar, the Court construes the petition in *Greeman II* as supplemental to the petition in *Greeman I*.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to: (i) administratively close the action under docket number 22 Civ. 4519; (ii) file the Section 2254 petition, which is currently docketed as docket entry 2 in the action under docket number 22 Civ. 4519, as a supplemental petition in the action under docket number 22 Civ. 4300; and (iii) file a copy of this order in the action under docket number 22 Civ. 4300.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis*

status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 10, 2022
New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge