UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD GREEMAN,<br><br>                Petitioner,<br><br>-against-<br><br>THE SUPERINTENDENT OF<br>FISHKILLCORRECTIONAL FACILITY,<br><br>                Respondent. | 22-CV-4300 (AS)<br><br>MEMORANDUM OPINION<br>AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

On March 25, 2022, petitioner Edward Greeman filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the following reasons, Greeman's petition is DENIED.

## BACKGROUND

On January 23, 2020, a New York Supreme Court jury found Greeman guilty of 15 counts of second-degree criminal possession of a forged instrument, 9 counts of first-degree criminal tampering, and one count of second-degree criminal impersonation. *See* Dkt. 20 at 1187–95. He was sentenced to an aggregate indeterminate prison sentence of 5½ to 11 years. *Id.* at 1214–15.

At Greeman's trial, the government introduced evidence showing that, on multiple occasions between September 2017 and July 2018, Greeman jammed the credit card and bill slots of the MetroCard vending machines at the South Ferry subway station in Manhattan so that customers would be unable to purchase or add money to a MetroCard. Then, dressing as a Metropolitan Transit Authority (MTA) employee, Greeman collected payment from subway riders who were unable to purchase a MetroCard. Greeman let them into the subway either by opening the emergency gate or swiping them in with a tampered MetroCard. During three arrests, officers discovered MetroCards in Greeman's possession that had been bent along the magnetic strip in a way that would allow a user to obtain a ride even if there was a zero balance on the card. *See id.* at 541–625.

In February 2020, Greeman filed a *pro se* motion under CPL § 440.20, seeking to set aside his sentence. Dkt. 19 at 3–7. Greeman claimed that the sentence exceeded the maximum time permitted by statute. *Id.* at 6–7. In July 2020, Greeman filed a *pro se* motion under CPL § 440.10, arguing that the evidence at trial was insufficient to support his convictions for second-degree criminal possession of a forged instrument. *Id.* at 9–15. On October 27, 2020, Greeman's motions were denied. *Id.* at 36. The court found that Greeman's sentence was lawful and determined that any claim based on legal sufficiency needed to be raised on direct appeal. *Id.* at 37–39.

Greeman then filed a *pro se* appeal in the Appellate Division, First Department. *Id.* at 42. As relevant here, Greeman argued that (1) his arrest was "Warrantless and Unlawful," (2) the government exceeded the maximum time it had to prosecute the case under CPL § 30.30, (3) there was not legally sufficient evidence to support his convictions for second-degree criminal possession of a forged instrument because the government failed "to produce non-hearsay evidence or to perform a testing of the alle[g]ed forged instruments," and (4) the government withheld exculpatory evidence from the grand jury, violating the Sixth Amendment. *Id.* at 218–20. On November 18, 2021, the Appellate Division unanimously affirmed Greeman's conviction. *See People v. Greeman*, 199 A.D.3d 530 (1st Dep't 2021).

Greeman subsequently filed a *pro se* application for leave to appeal to the New York Court of Appeals. Dkt. 19 at 296. The application requested review of the Appellate Division's findings regarding his CPL § 30.30 claim and his sufficiency of the evidence claim. *Id.* at 297–98. On January 31, 2022, the Court of Appeals denied Greeman's application. *See People v. Greeman*, 37 N.Y.3d 1161 (2022). On April 1, 2022, the Court of Appeals further denied Greeman's motion for reconsideration. *See People v. Greeman*, 38 N.Y.3d 1008 (2022).

Greeman, again proceeding *pro se*, filed a petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254. Dkt. 2. The petition seeks relief on four grounds. First, Greeman claims that the arrest was warrantless and unlawful because officers arrested him at a garage "2 blocks away from [the] train station," where they had "no jurisdiction to execute an arrest and no warrant." *Id.* at 4. Second, Greeman claims that the government exceeded the 180-day maximum period permitted to prosecute the case under CPL § 180.80. *Id.* at 5. Third, Greeman claims that there was not legally sufficient evidence to support his convictions for second-degree criminal possession of a forged instrument because the government "failed to perform a test of the forged instruments as required by law" or "to validate the authenticity of the forged instruments." *Id.* at 7. Finally, Greeman claims that the government withheld exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 8.

Greeman then filed a supplemental petition for a writ of habeas corpus. Dkt. 9. This amended petition asserts the same four grounds for relief with three clarifications. First, Greeman clarifies that ground one—that his arrest was unlawful—is based on CPL § 140.40. *See id.* at 5. Second, Greeman clarifies that ground two—that his prosecution exceeded New York's speedy-trial law—is based on CPL § 30.30. *See id.* at 7.[1] Finally, Greeman's amended petition makes clear that ground four is based on the government's alleged withholding of exculpatory evidence from the grand jury. *Id.* at 10.

---

[1] CPL § 180.80 concerns the time the government has to indict someone arrested for a felony. CPL § 30.30 provides that the government must be ready for trial within "six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony."

## LEGAL STANDARDS

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state prisoner may challenge his convictions or sentence in federal court when "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may grant relief only for claims "adjudicated on the merits" in state court, and then only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

## DISCUSSION

### I.     Unlawful Arrest & Exculpatory Evidence

Grounds one and four—that Greeman's arrest was unlawful and that the government withheld exculpatory evidence—are procedurally defaulted. So the Court declines to review them on the merits.

A federal court may not grant a § 2254 habeas petition "unless it appears that … the applicant has exhausted the remedies available in the courts of the State" or that there is either "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights" of the prisoner. 28 U.S.C. § 2254(b)(1). "To satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89–90 (2d Cir. 2001) (cleaned up). "In New York, to invoke one complete round of the State's established appellate review process, a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005) (Sotomayor, J.) (cleaned up).

Here, Greeman first appealed to the Appellate Division. In that appeal Greeman argued—as he does here—that his arrest was unlawful and that the government withheld exculpatory evidence from the grand jury. Dkt. 19 at 219–25. However, when Greeman later sought leave to appeal to the New York Court of Appeals, he failed to raise these claims. *Id.* at 297–98. "Generally 'we assume that the Court of Appeals would construe a petitioner's leave application as abandoning claims that the petitioner had pressed to the Appellate Division below' where those claims were not presented to the New York high court for review." *Smith v. Duncan*, 411 F.3d 340, 345 (2d Cir. 2005) (quoting *Galdamez*, 394 F.3d at 74). Accordingly, the claims are procedurally defaulted. *Id.*

The Court may not review procedurally defaulted claims on the merits "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of

justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Greeman has not raised any arguments explaining why such exceptions would apply here. The Court thus declines to review grounds one and four on the merits.

## II.     Speedy-Trial Rights

Ground two—that the government violated the New York speedy-trial statute by failing to prosecute him within 180 days—is not a cognizable basis for federal habeas relief. "[I]t is not the province of a federal habeas court to reexamine state-court determinations of state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Greeman's speedy-trial argument is based on a requirement under New York law, CPL § 30.30. "This provision is purely a creature of New York state statute and does not protect a federal constitutional right." *Parrish v. Lee*, 2015 WL 7302762, at *11 (S.D.N.Y. Nov. 18, 2015). Accordingly, ground two cannot support federal habeas relief.

## III.     Sufficiency of the Evidence

The state court rejected ground three on the merits. Therefore, the Court cannot grant habeas relief unless it finds that "no fairminded jurist," *Brown v. Davenport*, 596 U.S. 118, 135 (2022) (cleaned up), would find that, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Greeman cannot meet this demanding standard.

Greeman was convicted of second-degree criminal possession of a forged instrument. The government was required to prove beyond a reasonable doubt that Greeman possessed a forged instrument—in this case, a bent MetroCard—with knowledge that "it is forged and with intent to defraud, deceive or injure another." *See* N.Y. Penal Law § 170.25; *see also People v. Mattocks*, 12 N.Y.3d 326, 332 (2009) (holding that "the MetroCards defendant possessed were forged instruments under article 170 of the Penal Law" because they had been bent to allow the defendant to "acquire free rides on what were worthless MetroCards"). At trial, the government introduced evidence including (1) testimony from officers regarding the fact that bent MetroCards were found in Greeman's possession during three arrests, Dkt. 20 at 115–21, 370–76, (2) testimony from an MTA fraud investigator explaining how the bent MetroCards work, *id.* at 454–64, and (3) surveillance video showing Greeman admitting people into the subway by swiping a MetroCard and accepting payment, *id.* at 85–91. While the MTA fraud investigator testified that he never checked to see whether the recovered MetroCards had "legitimate value added to them by regular customers," *id.* at 476, a reasonable juror could still conclude that the government had met its burden of showing that Greeman knowingly possessed the bent MetroCards with the intent to defraud.

Greeman's habeas petition must therefore be denied because he cannot show that the Appellate Division unreasonably applied Supreme Court precedent in rejecting his sufficiency argument.[2]

\*   \*   \*

The Court is mindful that Greeman faces over a decade in prison for a fare-evasion scheme. As explained, Greeman has not presented a basis for a federal court to provide relief. But as outlined in Respondent's October 19, 2023 submission (Dkt. 34), Greeman may still have avenues for relief, including filing a motion in New York Supreme Court under § 440.10 or seeking clemency from the governor. Greeman may also contact the New York County District Attorney's Office to see if they will provide support for any further motion or application.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that Greeman's petition for a writ of habeas corpus be denied. The Clerk of Court is directed to close this case.

As Greeman has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.

SO ORDERED.

Dated:  October 20, 2023
        New York, New York

ARUN SUBRAMANIAN
United States District Judge

---

[2] Greeman cites New York laws in support of his unlawful arrest and sufficiency claims. *See* Dkt. 9. To the extent that these two claims are predicated on state law, rather than the Fourth Amendment and the Due Process Clause, habeas relief is also unavailable for the reasons stated in Section II.