UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD GREEMAN,<br><br>                      Petitioner,<br><br>-against-<br><br>THE SUPERINTENDENT OF FISHKILLCORRECTIONAL FACILITY,<br><br>                      Respondent. | 22-CV-4300 (AS)<br><br><u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

      On October 20, 2023, the Court issued a Memorandum Opinion and Order denying Petitioner Edward Greeman's petition for a writ of habeas corpus. Dkt. 35. On November 16, 2023, Greeman submitted a motion for reconsideration of that Order. Dkt. 40.

      "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). "Rather, 'the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (alteration in original) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Greeman has not offered any arguments that merit reconsideration.

      First, Greeman argues that the Court did not have "good cause" to issue the Order without a report and recommendation from Magistrate Judge Parker. Dkt. 40 at 3. But this "good cause" standard applies only to cases in which the parties consent to their case being finally resolved by a magistrate judge, as opposed to a district judge. *See* 28 U.S.C. § 636(c)(4). The parties here did not consent to magistrate judge jurisdiction. Instead, the case was referred to Magistrate Judge Parker through a limited order of reference, Dkt. 10, which is under a different part of the law, *see* 28 U.S.C. § 636(b)(1)(B). This Court was required to retain jurisdiction over the matter and was required to make the final decision on the petition, whether or not a report and recommendation was received from the designated magistrate judge. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976) ("The magistrate may do no more than propose a recommendation . . . . The authority and the responsibility to make an informed, final determination, we emphasize, remains with the judge.").

      Second, Greeman repeats the arguments presented in his petition, claiming that his arrest was unlawful and that the government withheld exculpatory evidence from the grand jury. Dkt. 40 at 4–5. The Court already rejected these claims because they were procedurally defaulted. Dkt. 35

at 3–4. Greeman now argues for the first time that his procedural default should be excused. Dkt. 40 at 4. Even if this argument had been timely raised in his original petition, it would nevertheless fail. A habeas petitioner may avoid procedural default only "by showing cause for the default and prejudice, or that failure to consider the claim will result in miscarriage of justice, *i.e.*, the petitioner is actually innocent." *Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003). Greeman does not argue cause and prejudice. Nor does Greeman argue actual innocence or provide any other reason explaining why this is such an "extraordinary case[]" that the "extremely rare" miscarriage of justice exception would apply. *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 321–22, (1995)).

As Greeman presents no valid grounds for reconsideration, the motion is DENIED. The Clerk of Court is directed to terminate the motion at Dkt. 40.

SO ORDERED.

Dated: December 28, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge